PHILLIP A. TALBERT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>GREGORY TABAREZ,<br><br>              Defendant. | CASE NO. 2:20-CR-112-JAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; ORDER<br><br>DATE: February 1, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

## BACKGROUND

On July 23, 2020, a grand jury returned a six-count indictment charging defendant Gregory Tabarez, along with three co-defendants, with federal drug trafficking crimes. *See* ECF No. 18. Defendant Tabarez is scheduled for a change of plea hearing on February 1, 2022.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." On June 29, 2020, September 30, 2020, January 4, 2021, April 2, 2021, July 1, 2021, September 28, 2021, and December 21, 2021, the Chief Judge of this District, per General Orders 620, 624, 628, 630, 632, 635, and 640, reaffirmed these findings and authorized videoconferencing under the CARES Act for another 90 days. Accordingly, the findings of the Judicial Conference and General Orders 614, 624, 628, 630, 632, 635, and 640 establish that plea hearings cannot take safely take place in person.

In order to authorize change of plea hearings by remote means, however, the CARES Act—as currently implemented by General Order 640—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 640 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 640 has been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 640. Specifically, for the reasons further set forth below, the parties agree that:

1) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice and given the public health restrictions on physical contact; and

STIPULATION REGARDING HEARING                2

2)       The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.       The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.       On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.       On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; one of those positions is currently vacant).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

4.       Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

5.       The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

6.       Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  January 26, 2022                     PHILLIP A. TALBERT
                                             United States Attorney


                                             /s/ DAVID W. SPENCER
                                             DAVID W. SPENCER
                                             Assistant United States Attorney


Dated:  January 26, 2022                     /s/ JENNIFER MOUZIS
                                             JENNIFER MOUZIS
                                             Counsel for Defendant
                                             GREGORY TABAREZ

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 640, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 28th day of January, 2022.

                                             /s/ John A. Mendez
                                             THE HONORABLE JOHN A. MENDEZ
                                             UNITED STATES DISTRICT COURT JUDGE

STIPULATION REGARDING HEARING                4